IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIFFANY THOMAS,

Plaintiff,

vs.

BEACHWOOD CITY SCHOOL
DISTRICT BOARD OF EDUCATION,

Defendant.

CASE NO. 1:25-cv-2167

DISTRICT JUDGE
DONALD C. NUGENT

MAGISTRATE JUDGE
JAMES E. GRIMES JR.

**MEMORANDUM OPINION
AND ORDER**

In a contemporaneously issued report and recommendation, the Court recommends granting the motion for judgment on the pleadings filed by Defendant Beachwood City School District Board of Education. In this order, the Court adjudicates the motion to file a second amended complaint filed by Plaintiff Tiffany Thomas.

The deadline to amend pleadings was January 27, 2026. *See* Doc. 13, at 1. As noted in the report and recommendation, after the Court held a show cause hearing on January 28, 2026, the Board filed a motion for judgment on the pleadings, Doc. 42, and Thomas moved for leave to file a second amended complaint. Doc. 47. This motion mooted Thomas's previously filed motion to file a first amended complaint. Doc. 48.

The Board opposed Thomas's motion to file a second amended complaint, Doc. 49, and Thomas filed a reply, Doc. 50, and a document styled as a motion

to file a second amended complaint and to treat the earlier motion for leave as her response to the Board's motion to dismiss, Doc. 52.

*Discussion*

One might think that the decision whether to grant leave to file an amended complaint would be controlled by Federal Rule of Civil Procedure 15(a)(2), which commits the decision to the Court's discretion but provides that a court should "freely give leave when justice so requires." The Court, however, set January 27, 2026, as the deadline to amend, Doc. 29, at 1, and Thomas filed her motion over five weeks later on March 4, 2026, Doc. 47.

A motion to amend, such as Thomas's, that is filed after the deadline to amend is subject the "good cause" standard found in Rule 16(b)(4*). See Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This *good cause* "threshold … requires late-moving litigants to show that 'despite their diligence they could not meet the original deadline." *Id.* (quoting *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)). Indeed, "a court choosing to modify the schedule upon a showing of good cause, may do so *only* 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary*, 349 F.3d at 906 (emphasis added) (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes); *see Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010) ("To satisfy the *Leary* standard, Korn must … explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order."). In other words, a district

2

court abuses its discretion if grants leave under Rule 16(b)(4) absent a showing by the movant "that 'despite [her] diligence [she] could not meet the original deadline." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843–46 (6th Cir. 2020) (granting mandamus because a district court granted leave to amend without a showing of diligence).

Prejudice to the nonmoving party is also a factor. *See Leary*, 349 F.3d at 908. Courts, however, will "consider the extent of prejudice to the nonmoving party *only if* the movant proceeded diligently, and then only to ascertain whether there exist 'additional reasons to deny a motion.'" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 479 (6th Cir. 2014) (emphasis added) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Out of the gate, the problem for Thomas is that her motion doesn't mention Rule 16 or the *good cause* standard. Instead, she cites Rule 15(a)(2). *See* Doc. 47. Indeed, even after the Board in its opposition noted that Thomas was required under Rule 16 to show good cause, Doc. 49, at 2–3, she continued in her later second motion to file a second amended complaint to rely on the standard in Rule 15(a)(2), Doc. 52, at 1.

Thomas's only reference to good cause under Rule 16 comes in a document styled as her "reply (out of time) and clarification regarding amended complaint."[1] Doc. 50. There, she says that:

> Good cause exists because [her] amendment was made in *direct response to the Court's January 28 conference and was undertaken in good faith to confirm pleadings to the Court's discussion.*
>
> The amendment narrows and clarifies the cause rather than expanding it and eliminates claims that could otherwise raise exhaustion issues.

*Id.* at 2 (emphasis added). It turns out that virtually none of what Thomas asserts in this passage is accurate.

Start with the emphasized language. Thomas has made similar statements in other filings where she has claimed that the Court gave her guidance during a show cause hearing in January 2026 that led her to "under[stand] that she was permitted to amend her complaint to address deficiencies identified by the Court." Doc. 52, at 1; *see also* Doc. 47, at 1. Whether these references represent a calculated pretext or genuine confusion, the Court has already clarified that, beyond telling Thomas during the show cause hearing that she cannot appear on behalf of C.A., "the Court did not tell Thomas how to prosecute any claim, did not tell her how to structure her complaint, and did not give her guidance about how or in what venue to pursue

---

[1]     This document appears to be a reply to the Board's opposition to Thomas's motion to file a second amended complaint. Since Thomas filed it only five days after the Board filed its opposition, it is not "out of time."

4

her claims." Doc. 51, at 2. So the show cause hearing does not help Thomas to show good cause. Indeed, the Board pointed out nearly three months before, *on November 5, 2025*, that Thomas could not represent C.A.'s interests. *See* Doc. 8, at 13. The Court during the show cause hearing, therefore, didn't tell Thomas anything that would have been new to her.

Further, even if any discussion during the show cause hearing were relevant to whether Thomas has shown good cause, Thomas didn't file her motion until five weeks after the hearing. Had Thomas attempted to show that she acted with diligence in moving to file her motion, this five-week delay would belie the attempt.

And contrary to what Thomas says, her proposed "amendment [does not] narrow[] and clarify[y]" anything. Instead, her proposed amendment would expand a four-page, four-count complaint against one defendant, to a 41-page, five count complaint against seven defendants.[2]

---

[2]    Notably, "[a]llowing a plaintiff to amend h[er] complaint may unduly prejudice a defendant if amendment would … 'expand[ ] the allegations beyond the scope of the initial complaint.'" *Lover v. D.C.*, 248 F.R.D. 319, 322 (D.D.C. 2008) (quoting *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999)). "Prejudice may [also] be found in cases where ... the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint." *Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*, No. 95-7016, 1997 WL 124259, at *7 (N.D. Ill. Mar. 17, 1997); *see Black & Decker, Inc. v. Greenfield Indus., Inc.*, No. 90-3272, 1991 WL 239121, at *2 (D. Md. Nov. 4, 1991) ("If the amendment is 'an assertion of a separate and distinct claim, based on a totally different set of operative facts,' then amendment is not properly granted.").

So Thomas's only attempt to show good cause is baseless.[3]

Even putting this fact aside, it's Thomas obligation in the first instance to "explain why [she] failed to move for the amendment at a time that would not have required a modification of the scheduling order." *Korn*, 382 F. App'x at 450. But the quoted passage from Thomas's reply says nothing about Thomas's failure to move earlier.

Worse, even if Thomas had attempted to show that she acted with diligence, which she hasn't, the record shows that she was not diligent. A plaintiff will not be able to satisfy the diligence inquiry if "she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

Review of the proposed second amended complaint reveals that with one exception, all of the events described in it allegedly occurred well before the deadline to amend the Complaint. *See* Doc. 47-1, at 5–9; 11–12, 18, 21, 24–28, 34. The only exception is that Thomas allegedly received a written response on February 11, 2026, that the district would only respond in writing "when

---

[3]      New Local Rule 3.16, which limits pro se pleadings to 30 pages, does not apply to Thomas's proposed second amended complaint because the new rule went into effect after Thomas filed her motion. But the new rule references Federal Rule of Civil Procedure 10, which Thomas's proposed second amended complaint violates in two ways. First, the proposed second amended complaint does not list all of the proposed defendants in the caption. *See* Fed. R. Civ. P. 10(a). Second, the proposed second amended complaint's allegations are not listed in numbered paragraphs. *See* Fed. R. Civ. P. 10(b).

feasible" and would otherwise respond with meetings.[4] *Id.* at 13, 19. But Thomas does not allege that she needed to wait months after all the other events alleged in her proposed second amended complaint before seeking to amend. On the face of the proposed second amended complaint, therefore, Thomas did not act with diligence. Her motion to amend must, as a result, be denied. *See Nat'l Prescription Opiate Litig.*, 956 F.3d at 843–46.

*Conclusion*

For the reasons stated, Thomas has failed to show good cause to allow a late amendment to her Complaint. Her motion, Doc. 47, is thus denied.

IT IS SO ORDERED.


Dated: May 19, 2026

         */s/ James E. Grimes Jr.*
         James E. Grimes Jr.
         U.S. Magistrate Judge

---

[4] In the proposed second amended complaint, Thomas alleges that she "renewed" in January and February 2026 previously made "request[s] for written communication accommodations." Doc. 47-1, at 11. As the proposed second amended complaint alleges, however, these renewals followed requests in October and December, which were well before the deadline to amend.

Thomas also alleges that an investigation into some of Thomas's complaints concluded in January 2026. Doc. 47-1 at 28. But she doesn't allege that the conclusion of the investigation forms a basis for her claims. And, in any event, if the investigation concluded in January, Thomas offers no basis to conclude that the investigation or its conclusion was a reason that she didn't move until March to file her motion to file a second amended complaint.