# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **TIFFANY THOMAS,** | ) CASE NO. 1:25-CV-02167 |
| | ) |
| **Plaintiff,** | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) |
| **BEACHWOOD CITY SCHOOL** | ) MEMORANDUM OF OPINION AND |
| **DISTRICT BOARD OF EDUCATION,** | ) ORDER ADOPTING MAGISTRATE |
| | ) JUDGE'S REPORT AND |
| **Defendant.** | ) RECOMMENDATION, AND ORDER |
| | ) RELATED TO MAGISTRATE |
| | ) JUDGE'S RULING ON PLAINTIFF'S |
| | ) MOTION TO FILE SECOND |
| | ) AMENDED COMPLAINT |

This matter is before the Court upon the May 19, 2026 *Report and Recommendation* of

Magistrate Judge James E. Grimes, Jr., (ECF #59), recommending that this Court grant

Defendant Beachwood City School District Board of Education's *Motion for Judgment on the*

*Pleadings* (ECF #42).

This matter is also before the Court upon the Magistrate Judge's *Memorandum of*

*Opinion and Order* (ECF #60) denying Plaintiff Tiffany Thomas' *Motion for Leave to File a*

*Second Amended Complaint and to Treat it as Plaintiff's Response to Defendant's Motion to*

*Dismiss (or, in the Alternative, Opposition to Motion to Dismiss)* (ECF #52), also issued on May

19, 2026.[1]

---

[1] The Magistrate Judge's *Report and Recommendation* (ECF #59) is before this Court
pursuant to the procedures set forth in 28 U.S.C. § 636(b)(1)(B) and (C), related to referral of

The Magistrate Judge's *Report and Recommendation* (ECF #59), related to Defendant Beachwood City School District Board of Education's *Motion for Judgment on the Pleadings* (ECF #42), is hereby ADOPTED in its entirety, pursuant to Federal Rule of Civil Procedure 72(b).

The Magistrate Judge's accompanying *Memorandum of Opinion and Order* (ECF #60), ruling on Plaintiff Tiffany Thomas's *Motion for Leave to File a Second Amended Complaint and to Treat it as Plaintiff's Response to Defendant's Motion to Dismiss (or, in the Alternative, Opposition to Motion to Dismiss)* (ECF #52), is approved and incorporated in this *Memorandum of Opinion and Order* adopting the Magistrate Judge's *Report and Recommendation,* as it is neither clearly erroneous nor contrary to law, and thus is not subject to modification or setting aside, pursuant to Federal Rule of Civil Procedure 72(a).

## PROCEDURAL BACKGROUND

On October 9, 2025, Plaintiff Tiffany Thomas filed a four-count complaint against the Beachwood City School District Board of Education alleging claims concerning the Board's institution of a "communication protocol" related to Plaintiff Thomas's communications with school officials about her child, "C.A.," who, according to the *Verified Complaint for*

---

Defendant Beachwood City School District Board of Education's *Motion for Judgment on the Pleadings* (ECF #42). On the same date, the Magistrate Judge issued an independent *Memorandum of Opinion* ruling (ECF #60), pursuant to this Court's referral of matters to the Magistrate Judge to hear and make determinative rulings under 28 U.S.C. § 636(b)(1)(A), on Plaintiff's *Motion for Leave to File Second Amended Complaint* (ECF #52). Because the two filings by the Magistrate Judge – the *Report and Recommendation* (ECF #59) and the *Memorandum of Opinion and Order* (ECF #60) – are so closely-related, and essentially intertwined, it makes sense for this Court to address both filings in this single *Memorandum of Opinion and Order*.

*Declaratory and Injunctive Relief* (ECF #1), is 12-years-old, enrolled at Beachwood Middle School, and is autistic, non-verbal, and "cognitively delayed." (ECF #1, p.2). The counts of her *Verified Complaint* alleged: the denial of a "free appropriate public education" under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.*, "[b]y preventing [Plaintiff Thomas'] meaningful participation in [C.A.'s] IEP [individualized education program] and witholding service information," (Count One); "Disability Discrimination (Section 504 & ADA)," referring to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 through 12213 (Count Two); retaliation under the ADA, Section 504, and the First Amendment (Count Three); and violation of the First Amendment generally (Count Four). (ECF #1, *Verified Complaint*, p.3).

This case has had a rather convoluted procedural history since the filing of the *Verified Complaint*, including Plaintiff's failure to attend a case management conference,[2] a "show cause" hearing based on that failure, the briefing and responses to the Board of Education's *Motion for Judgment on the Pleadings* (ECF #42) and Plaintiff Thomas's various motions to amend her *Verified Complaint* (*See* ECF #32 [*Motion for Leave to File First Amended Complaint*], ECF #47 [*Motion for Leave to File Second Amended Complaint*], ECF #52 [*Motion for Leave to File a Second Amended Complaint and to Treat it as Plaintiff's Response to Defendant's Motion to Dismiss (or, in the Alternative, Opposition to Motion to Dismiss*]), and a number of other discovery and procedural matters and motions. With respect to the filings now before this Court,

---

[2]    Plaintiff Thomas is unrepresented, is not an attorney, and is proceeding *pro se*. Her standing to "represent" her son, C.A., and to pursue claims on his behalf, is an issue raised in the Board of Education's *Motion for Judgment on the Pleadings*, and addressed in the *Report and Recommendation*. This fact is mentioned here in the context of noting that Plaintiff Thomas had an individual obligation to attend the Case Management Conference.

the opening paragraphs of the *Report and Recommendation* (ECF #59) place this matter in

context:

> In October 2025, Plaintiff Tiffany Thomas filed a four-count Complaint
> against Defendant Beachwood City School District Board of Education
> alleging claims concerning the Board's institution of a "communication
> protocol" related to Thomas's communications with school officials about
> her child. After she failed to attend the case management conference, the
> Court ordered her to appear for a show cause hearing on January 28, 2026.
>
> On January 27, 2026, Thomas filed a motion for leave to file a first
> amended complaint. The next day, the Court determined at the show
> cause hearing that Thomas had shown cause for her failure to attend the
> case management conference.
>
> A few weeks later, the Board filed a motion for judgment on the pleadings,
> and an opposition to Thomas's motion to file a first amended complaint.
> Thomas next moved for leave to file a second amended complaint. In light
> of Thomas's motion to file a second amended complaint, the Court denied
> as moot her motion to file a first amended complaint.
>
> After the Board opposed Thomas's motion to file a second amended
> complaint, Thomas filed a reply, and a document styled as a motion for
> leave to file a second amended complaint – not to be confused with her
> earlier motion for leave to file a second amended complaint – and to treat
> Thomas's earlier motion for leave as her response to the Board's motion to
> dismiss.
>
> In short, the Court has to adjudicate the Board's motion for judgment on
> the pleadings, and Thomas's motion for leave to file a second amended
> complaint[.] Because the Court ultimately recommends granting the
> Board's motion and has determined that Thomas's motion should be
> denied, the Court has determined that the best course is to address the
> Board's motion for judgment on the pleadings in this report and
> recommendation and to deal with Thomas's motion for leave to file a
> second amended complaint in a contemporaneously filed accompanying
> order.

(ECF #59, *Report and Recommendation*, pp.1-2) (internal record citations omitted).

On May 19, 2026, the Magistrate Judge issued a *Report and Recommendation*

recommending that this Court grant the Beachwood City School District Board of Education's

-4-

*Motion for Judgment on the Pleadings* (ECF #59), along with a *Memorandum of Opinion and Order* (ECF #60) denying Plaintiff Tiffany Thomas's *Motion for Leave to File a Second Amended Complaint and to Treat it as Plaintiff's Response to Defendant's Motion to Dismiss (or, in the Alternative, Opposition to Motion to Dismiss)* (ECF #60).

Because objections were filed with respect to the *Report and Recommendation*, as well as to the Magistrate Judge's *Memorandum of Opinion and Order*, this Court engages in a *de novo* standard of review of the *Report and Recommendation*, and a "clearly erroneous or contrary to law" standard of review in connection with the *Memorandum of Opinion and Order*.

## STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report and recommendation. When objections are made to the magistrate judge's report and recommendation, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b)(3). When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 Advisory Committee Notes (citations omitted). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit).

With respect to a magistrate judge's memorandum of opinion and order related to a non-dispositive matter that has been referred under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a) applies:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a).

## CONCLUSION

The Court has carefully reviewed the *Report and Recommendation* (ECF #59) of Magistrate Judge Grimes, as well as Plaintiff Thomas's *Objections to Report and Recommendation*, (ECF #62), and agrees with the findings set forth in the *Report and Recommendation* (ECF #59). Accordingly, the *Report and Recommendation* of Magistrate Judge Grimes (ECF #59) is ADOPTED in its entirety pursuant to Federal Rule of Civil Procedure 72(b).

The Court has also reviewed the Magistrate Judge's ruling (ECF #60) denying Plaintiff's *Motion for Leave to File a Second Amended Complaint and to Treat it as Plaintiff's Response to Defendant's Motion to Dismiss (or, in the Alternative, Opposition to Motion to Dismiss)*, (ECF #60), agrees with its findings and approves of its disposition, and hereby incorporates that agreement and approval in its adoption of the *Report and Recommendation*. The Court finds that the Magistrate Judge's *Memorandum of Opinion and Order* is thorough, well-supported, and in accord with applicable law. It is neither clearly erroneous, nor contrary to law, and therefore does not warrant modification or setting aside under Federal Rule of Civil Procedure 72(a).

Accordingly, Defendant Beachwood City School District Board of Education's *Motion*

-6-

*for Judgment on the Pleadings* (ECF #42) is GRANTED, and the case is DISMISSED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: ____June 23, 2026____